UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   Case:     16-1028
MATTHEW CHRISTIAN

                          **COMPLAINT**

              Plaintiff,

                          PLAINTIFF'S DEMAND
    -against-                      TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. PAUL KENNEDY (Sh. # 09178),
P.O. KEITH CHATTON (Sh. # 7323),
P.O. "JANE DOE" and
P.O "JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last Defendants
being fictitious, the true names
of the Defendants being unknown
to the Plaintiff(s).

              Defendants.
-------------------------------------------------------------X

Plaintiff MATTHEW CHRISTIAN by and through their attorney, Paul Hale, Esq. 26 Court St. Ste. 913 Brooklyn, NY 11242, complaining of the Defendants, The City of New York, P.O. PAUL KENNEDY, P.O. KEITH CHATTON (Sh. # 7323), Police Officers "John" and "Jane" Doe, collectively referred to as the Defendants, upon information and belief allege as follows:

### JURISDICTION AND VENUE

1. Jurisdiction over these claims is conferred upon this Court pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the First, Fourth, Eighth and

Fourteenth Amendments to the Constitution of the United States.

2. This case is being brought pursuant to 42 U.S.C. § 1983. Jurisdiction supporting Plaintiff's claims for attorneys' fees is conferred by and brought pursuant to 42 U.S.C. § 1988.

3. All causes of action not relying exclusively on the aforementioned federal and state causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff' claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the county of New York in the State of New York.

## NATURE OF THE ACTION

5. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

6. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the Plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting Plaintiff.

## PARTIES

7. MATTHEW CHRISTIAN is a citizen of the United States, resides in New York, and is a

resident of the State of New York.

8. At all times relevant to this action, Defendants Police Officers are and were officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

9. At all times relevant to this action, Defendant P.O. PAUL KENNEDY was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

10. At all times relevant to this action, Defendant P.O. KEITH CHATTON (Sh. # 7323) was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both his individual and official capacity.

11. The Defendant, City of New York, is a municipality in the State of New York and employs the Defendants Police Officers.

12. The Defendants Police Officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the Defendants Police Officers' acts as described below.

## FACTUAL BACKGROUND

13. Plaintiff was arrested while performing on a New York City subway platform; otherwise known as busking.

14. Busking has been expressly permitted in the New York City subways since 1985. Permits, permission, schedules or auditions of any kind are not required for any person to perform on subway platforms.

15. MTA 1050.6(c) states, "The following nontransit uses are permitted by the Authority, provided they do not impede transit activities and they are conducted in accordance with

these rules: public speaking; campaigning; leafletting or distribution of written noncommercial materials; activities intended to encourage and facilitate voter registration; **artistic performances, including the acceptance of donations**; solicitation for religious or political causes; solicitation for charities."[1]

16. Despite the law being clear for over three decades New York City police officers continue to harass, evict, assault and arrest New Yorkers for playing music underground in perfectly legal circumstances.

17. Upon information and belief, the New York City Police Department has specifically ordered the illegal conduct of its officers by directive.

(First Incident)

18. On July 25, 2013 Plaintiff, MR. MATTHEW CHRISTIAN, was on 68th Street 6 train downtown platform at approximately 12 pm.

19. At the above time and place MR. CHRISTIAN opened his violin case to take out his violin.

20. As MR. CHRISTIAN was removing his violin he was approached by P.O. PAUL KENNEDY.

21. P.O. KENNEDY told MR. CHRISTIAN that he could not play his violin on the subway platform.

22. MR. CHRISTIAN informed the officer that it was perfectly legal for him to perform on the subway platform. Furthermore, MR. CHRISTIAN produced a MTA handout that states the specific law that permits him to play his violin.[2]

---

[1] http://web.mta.info/nyct/rules/rules.htm
[2] MTA 1050.6(c) states, "The following nontransit uses are permitted by the Authority, provided they do not impede transit activities and they are conducted in accordance with these rules: public speaking; campaigning; leafletting or distribution of written noncommercial materials; activities intended to encourage and facilitate voter registration; **artistic performances, including the acceptance of donations**; solicitation for religious or political causes; solicitation for charities."

23. MR. CHRISTIAN then began to play his unamplified violin on the subway platform. It should be noted that MR. CHRISTIAN was a professional violinist and a Fulbright scholarship recipient.

24. Subsequently, P.O. KENNEDY placed MR. CHRISTIAN under arrest.

25. MR. CHRISTIAN was handcuffed and taken into police custody by P.O. KENNEDY and numerous other unknown NYPD officers.

26. MR. CHRISTIAN was taken to a police station house in the Columbus Circle subway station.

27. MR. CHRISTIAN was held for approximately four hours before he was given a Desk Appearance Ticket.

28. MR. CHRISTIAN made two court appearances before all charges were dismissed.

(Second Incident)

29. MR. CHRISTIAN was biking to work as a public school teacher on the morning of 8/26/15, using the bike lane on Willoughby Ave.

30. MR. CHRISTIAN saw a police cruiser ahead of him and heard the occupants yelling abuse at the day laborers outside Home Depot.

31. MR. CHRISTIAN took out his phone and began filming.

32. MR. CHRISTIAN caught up with the cruiser after making a right onto Nostrand Ave, and requested the badge number of the officer. The officer refused and drove off.

33. MR. CHRISTIAN caught up again, requested the badge number again, and this time he gave it, "7323." Upon information and belief this badge number belongs to P.O. KEITH CHATTON.

34. Next, the cruiser began following MR. CHRISTIAN; the driver rolled down the window and

asked where he lived.

35. MR. CHRISTIAN made a left onto Pulaski, the cruiser followed, and the driver ordered MR. CHRISTIAN to pull over.

36. The officer in the passenger seat got out, had MR. CHRISTIAN lean up his bike, took his ID, and wrote down his name.

37. The officers said to MR. CHRISTIAN in sum and substance, "You got our names, now we want yours."

38. This illegal stop and detention was in retaliation for MR. CHRISTIAN asking the officers' badge numbers. (Case No. 201507225)

39. MR. CHRISTIAN made a CCRB complaint for the officers' illegal behavior which was substantiated.

40. At no time did Plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

41. The unlawful arrest of Plaintiff was intentional, malicious, reckless and in bad faith because of Defendants' knowledge of a lack of any legitimate cause or justification for the arrest.

42. As a direct and proximate result of Defendants' actions, Plaintiff were arrested and detained without just or probable cause.

43. As a direct and proximate result of Defendants' actions, Plaintiff were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

44. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction, train, supervise or discipline police officers including the Defendants in this case, for violations of the constitutional rights of citizens, thereby

causing police officers including Defendants in this case, to engage in unlawful conduct.

45. Defendants City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including Defendants in this case, to engage in unlawful conduct.

46. The actions of Defendants, acting under color of State law, deprived Plaintiff of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

47. By these actions, Defendants have deprived Plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

### AS A FIRST CAUSE OF ACTION:
### 42 U.S.C Section 1983–Fourth, Eighth and Fourteenth Amendments–against all Defendants

48. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

49. By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintffof rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

50. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers.

Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

51. As a direct and proximate cause of the acts of the Defendants, Plaintiff suffered the following injuries and damages:

   A. Arrests not based upon probable cause;

   B. Unwarranted and malicious criminal prosecutions;

   C. Deprivations of liberty without due process of law;

   D. Excessive force imposed upon them;

   E. Summary punishment imposed upon them; and

   F. Denial of equal protection under the law.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

### AS A SECOND CAUSE OF ACTION:
### 42 U.S.C Section 1983
### Retaliation in Violation of First Amendment against all Defendants

53. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

54. was engaging in constitutionally protected activity, including but not limited to his discussions and exchanges with the Defendants Police Officers for their objectionable conduct.

55. Plaintiff's speech was an inquiry related to objectionable police conduct, which is a matter of important public concern.

56. Motivated in whole or in part by Plaintiff's protected verbal opposition to their conduct and/or the substance or style of his communications with them, Defendants searched, seized, and forcibly arrested Plaintiff.

57. Defendants Police Officers' adverse actions in retaliation for Plaintiff's expressed intention of exercising his first amendment rights and inquiring about objectionable police conduct caused Plaintiff to suffer economic, physical and emotional injuries.

58. Defendants' actions, as described herein, were undertaken intentionally, willfully and wantonly.

59. Defendants Police Officers' conduct violated clearly established rights belonging Plaintiff, of which reasonable law enforcement knew or should have known.

60. The acts or omissions of each of the Police Officer Defendants, including the unconstitutional policy, procedure, custom and/or practice described herein, were the legal and proximate cause of Plaintiff' damages.

### AS A THIRD CAUSE OF ACTION:
### 42 U.S.C Section 1983–Failure to Intervene in Violation of Fourth Amendment– against all Defendants

61. Plaintiff hereby restates all paragraphs above of this Complaint as if fully set forth here.

62. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

63. The Defendants Police Officers were present for the above-described incident and witnessed other Defendants' actions.

64. The Defendants Police Officers' use of force against Plaintiff was unjustified under the

circumstances yet the Defendants Police Officers failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to their actions by other Defendants Police Officers.

65. The Defendants Police Officers' violations of Plaintiff' constitutional rights by failing to intervene in other Defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

## AS A FOURTH CAUSE OF ACTION:
*Monell* claim[3]

66. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction, train, supervise or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

67. As can be seen by the incident described above, the NYPD has been carrying on a policy and practice of harassing buskers on subway platforms. All of the tickets issued to buskers are frivolous and have subsequently been dismissed. The harassment incurred by buskers without receiving tickets and being forced to leave the station is instituted by a policy and practice of supervising officers. Arrestees have heard numerous officers tell them that this is a policy of the NYPD and that they would be ticketed if they continued to frequent the subway platforms.

68. The City of New York and the New York City Police department, at the very least, have maintained a deliberate indifference to the illegal harassment of New York City buskers. Other lawsuits relating to busking have been filed and settled by the New York City Law Dept. *Burger v. NYC* 1:14-cv-02539-LAK-HPB (SDNY); *Christian v. NYC* 12-cv-5049

---

[3] *Monell v. City of New York Department of Social Services*, 436 U.S. 658

(SDNY)  Furthermore, there have been dozens of articles over the last decade that explain that busking is legal.   Moreover, the MTA's own rules permit it in an unambiguous way.  Despite this, the harassment continues unabated.

69. Despite buskers informing the officers in each incident that they are within their rights they are still harassed, ticketed and intimidated by the officers.  Buskers have even gone so far as to show defendants documentation from the MTA's own guidelines that state they are within their rights.  The officers have responded by saying that they are under orders from their boss to "issue tickets", that they are doing "what their boss told them", and that they "need to issue tickets or [they] will get in trouble from [their] boss."   Upon information and belief, and under the totality of the circumstances, Buskers feel they have been specifically targeted by supervising officers within the MTA police administration.

70. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction, train, supervise or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

   **WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. On the First Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

2. On the Second Cause of Action against all Defendants, compensatory and punitive

    damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

3. On the Third Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988,

4. On the Fourth Cause of Action against all Defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988, and

5. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated: Brooklyn, NY
       2/10/16

By:     /s/
Paul Hale, Esq.
26 Court St. Ste. 913
Brooklyn, NY 11242
(718) 554-7344